Filed 12/24/20  Peng v. F.M. Tarbell Co. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BO PENG,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>F.M. TARBELL CO.,<br><br>        Defendant and Respondent. | B304763<br><br>(Los Angeles County Super. Ct. No. 19STCP00416) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Affirmed.

Bo Peng, in pro. per., for Plaintiff and Appellant.

August Law Group and Benjamin K. Griffin for Defendant and Respondent.

\* \* \* \* \* \*

A licensed real estate agent filed a claim with the labor commissioner for unpaid commissions earned on the sale of two properties, and for waiting time penalties, against the real estate company with whom he had signed an "Independent Contractor Agreement." The commissioner rejected his claim on the ground that the agent was an independent contractor rather than an employee entitled to unpaid wages. The agent sought an appeal de novo before the superior court, and the superior court denied his claim on the same grounds. We conclude this was correct, and that none of the issues the agent raises on appeal have merit.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

Bo Peng (plaintiff) is a licensed real estate agent. In April 2015, he signed an Independent Contractor Agreement (the agreement) with F.M. Tarbell Company (Tarbell). In the agreement, plaintiff agreed that (1) he was associating with Tarbell solely as an independent contractor and not as an "employ[ee]," (2) his "only remuneration" would be the commissions he earned for facilitating the sale or purchase of real estate, and (3) he would "not be treated as an employee for state and federal tax purposes."

In November 2017, Tarbell terminated the independent contractor arrangement with plaintiff.

### II. Procedural Background

#### A. *Proceedings before the labor commissioner*

In August 2018, plaintiff filed a complaint with the labor commissioner seeking unpaid "commission earnings of

2

$20,168.01" pursuant to Labor Code section 201[1] as well as "waiting time penalties" pursuant to section 203. The $20,168.01 pertains to the commissions he claims to have earned on the sale of two properties in October and November 2017.

Following a hearing in January 2019, a hearing officer for the labor commissioner denied plaintiff's claim. The hearing officer determined that plaintiff was not entitled to unpaid wages or waiting time penalties because he was not an "employee" of Tarbell. In making this determination, the court ruled that plaintiff's arrangement with Tarbell satisfied the three-part test set forth in Business and Professions Code section 10032 and Unemployment Insurance Code section 650 for determining whether "licensed real estate" agents are "independent contractors"—namely, that (1) plaintiff was a licensed real estate agent, (2) plaintiff was paid solely by commission, not an hourly wage, and (3) plaintiff and Tarbell had a written contract designating plaintiff as an "independent contractor" and not an employee for tax purposes.

### B. *"De novo appeal" before the superior court*

In February 2019, plaintiff filed a complaint with the superior court seeking "[o]ther judicial review"—namely, an "appeal de novo" pursuant to section 98.2.

The trial court set the matter for trial on November 6, 2019. Although the parties filed separate sets of pretrial documents, they appeared on the date set for trial without complying with the trial court's courtroom-specific rule to file a binder containing a joint witness list, exhibit list, jury instructions and verdict form. The court ordered the parties back

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

a week later, but they once again had not complied with the court's standing order. At that hearing, the court "explain[ed]" to plaintiff why his "separately submitted trial documents d[id] not comply" with "the Court's Standing Order[s]." The court then issued an order to show cause to sanction plaintiff $500 because his "separately submitted trial documents" did not comply with the court's courtroom-specific rule. The court set the hearing on the order to show cause and set a new date for trial on January 15, 2020.

On January 15, 2020, the trial court held a hearing on its proposed sanctions. Following consideration of plaintiff's written response to the order to show cause, and following the hearing, the court found "no cause why sanctions against [p]laintiff should not be imposed." The same day, the court ruled that plaintiff was not entitled to a jury trial in his appeal de novo because "[t]he de novo appeal provided by Labor Code [section] 98.2 is a special proceeding, created by statute, to which no right to a jury trial . . . attach[es]."

On January 16, 2020, the trial court conducted a bench trial. After plaintiff presented his case-in-chief, Tarbell moved for a directed verdict under Code of Civil Procedure section 631.8. The trial court granted the motion, later explaining that plaintiff was not entitled to unpaid wages or waiting time penalties because the undisputed facts showed that he was an "independent contractor" under the three-part test set forth in Business and Professions Code section 10032 and Unemployment Insurance Code section 650.

C.   *Appeal*

Following the entry of judgment in favor of Tarbell, plaintiff filed this timely appeal.

4

## DISCUSSION

On appeal, plaintiff argues that the trial court (1) erred in denying his claim for relief on the merits, (2) wrongly denied him the right to a jury trial, (3) erred in sanctioning him for not complying with its local rule, and (4) committed several other errors.

### I.    Ruling on the Merits

Our Legislature has created a specific rule for courts to use when "determin[ing]" whether a "real estate licensee" is an "employee or independent contractor" "for statutory purposes." (§§ 2775, subd. (b)[2], 2778 [requiring courts to use the legal test set forth in Business and Professions Code 10032, subdivision (b), when that test applies]; Bus. & Prof. Code, § 10032, subd. (b) [specifying the test to use when determining whether a "licensed" "real estate salesperson" is an "employee" or an "independent contractor"].)  That test provides that a licensed real estate salesperson is an independent contractor (rather than an employee) if (1) "[t]he individual is licensed" as a real estate salesperson, (2) "[s]ubstantially all of [his] remuneration . . . for [his] services . . . is directly related to sales . . . rather than to the number of hours worked," and (3) he has "performed" his "services" "pursuant to a written contract between that individual and the person for whom the services are performed and the contract provides that the individual will not be treated as an employee with respect to those services for state tax purposes." (Unemp. Ins. Code, § 650; Bus. & Prof. Code, § 10032,

---

[2]    This statute took effect immediately after being signed by the Governor on September 4, 2020.  (Stats. 2020, ch. 38, § 2.)  The language now found in section 2775 was previously located in section 2750.3.  (*Ibid.*)

subd. (b) [adopting test set forth in Unemployment Insurance Code section 650].)

Applying this rule, substantial evidence supports the trial court's ruling, when granting Tarbell's Code of Civil Procedure section 631.8 motion, that plaintiff is an independent contractor. (*Fink v. Shemtov* (2012) 210 Cal.App.4th 599, 608 ["An order granting a defense motion for judgment under Code of Civil Procedure section 631.8 in a nonjury trial is reviewed under the substantial evidence standard"].) Contrary to what plaintiff argues, the undisputed facts establish that the above described three-part test applies here because plaintiff is seeking to establish his status as an "employee" "for statutory purposes"— namely, to show that he is entitled to his unpaid wages under section 201 and to waiting time penalties under section 203. (§§ 201, 203.) The undisputed facts also establish that plaintiff is an "independent contractor" under that three-part test: It is undisputed that he was a licensed real estate salesperson; it is undisputed that he was paid solely through commissions; and it is undisputed that his written agreement with Tarbell designated him as an "independent contractor" and explicitly provided that he would not be treated as an employee for tax purposes.[3]

## II. Denial of the Right to a Jury Trial

Section 98.2 entitles a party to "seek review" of the labor commissioner's ruling in the superior court, "where the appeal shall be heard de novo." (§ 98.2, subd. (a).) No published case has yet decided whether a litigant is entitled to a jury trial in this

---

[3] For the first time at oral argument, plaintiff specifically argued that he was coerced into signing the written agreement. But this argument is unsupported by any evidence.

6

"de novo appeal." We will not weigh in on the issue either. That is because, even if we assume for purposes of argument that a litigant is generally entitled to a jury trial in a "de novo appeal" under section 98.2, plaintiff was not so entitled in this case. He is not because a plaintiff whose case cannot survive a nonsuit has no right to a jury's consideration of his case.[4] (*Campbell v. General Motors Corp.* (1982) 32 Cal.3d 112, 117-118 [noting that the appropriate grant of a nonsuit motion properly "serves to take a case from the jury's consideration"]; cf. *City of Livermore v. Baca* (2012) 205 Cal.App.4th 1460, 1473 [improper grant of a nonsuit "denies parties their right to a jury trial"]; *Ajaxo Inc. v. E\*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 63.)

Plaintiff's case could not survive a motion for a nonsuit. A nonsuit may be granted after a plaintiff has completed his opening statement only if the court, after accepting all of the stated facts as true and drawing all reasonable inferences from those facts, concludes "'as a matter of law there will be no evidence of sufficient substantiality to support a judgment'" for the plaintiff. (Code Civ. Proc., § 581c; *Russell v. Soldinger* (1976) 59 Cal.App.3d 633, 640; *Rokos v. Peck* (1986) 182 Cal.App.3d 604, 611; *Jensen v. Hewlett-Packard Co.* (1993) 14 Cal.App.4th 958, 965.) As described above, the undisputed facts presented at trial established that plaintiff was an "independent contractor" not entitled to relief. What is more, and as the trial court found, "[n]o evidence at trial provide[d] a basis to conclude that plaintiff . . . was an employee" of Tarbell. We must accept the court's representation as true because plaintiff provided no reporter's

---

[4] Because the parties' initial briefs did not discuss the effect of a nonsuit motion, we invited supplemental briefing on this issue.

7

transcript from the trial. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 ["'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]' [citation]"].) Because, on the facts presented, plaintiff was not entitled to have a jury hear his case, the trial court did not violate the right to a jury trial that we assume he generally has in a "de novo appeal" under section 98.2.

Plaintiff makes two arguments in response. First, he contends that the trial court—prior to its ultimate ruling that plaintiff had no right to a jury trial—had ordered plaintiff to post jury fees and issued minute orders that referred to this case as being set for a "jury trial." This is true, but beside the point. If, as we have assumed, plaintiff had a general right to a jury trial under section 98.2 but did not have that right in this specific case due to his inability to surmount a nonsuit, then the trial court's *initial* orders requiring him to post jury fees and setting this case for a jury trial were correct. Whether the court's *ultimate* order denying him a right to a jury trial cited to the correct reason for doing so does not matter because our job is to review the court's ruling, not its reasoning. (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12.) Second, plaintiff suggests that he is entitled to a jury trial in pursuit of the additional remedies he seeks in his "de novo appeal"—namely, emotional distress and punitive damages. Whether or not seeking these additional damages is appropriate in a "de novo appeal," the *basis* for them—namely, that they are appropriate because Tarbell violated his statutory right to seek unpaid wages and waiting time penalties—remains the same: It still hinges on whether he is an independent contractor "for statutory purposes," and the evidence indisputably establishes that he is, thereby entitling Tarbell to a nonsuit on

8

that ground (and obviating the right to a jury trial we have assumed he has under section 98.2).

### III.    Sanction Award

In pertinent part, Code of Civil Procedure section 575.2 authorizes a court, "on its own motion," to "impose . . . penalties" against a party (including sanctions) if a "party . . . in pro se[] fails to comply with" any requirements of the court's "[l]ocal rules" (including "a rule that applies solely to cases in [a] judge's courtroom") as long as the party is afforded "prior notice . . . and an opportunity to be heard."  (Code Civ. Proc. §§ 575.2, subd. (a), 575.1, subd. (c); *Rietveld v. Rosebud Storage Partners* (2004) 121 Cal.App.4th 250, 257 [holding that "monetary sanctions" are appropriate under Code of Civil Procedure section 575.2].)

The trial court did not abuse its discretion in imposing a $500 monetary sanction against plaintiff for violating its courtroom-specific rule requiring the joint filing of pretrial documents.  (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1291-1292.)  There is no dispute that plaintiff filed only separate documents, and did not participate in filing joint documents.  The court had also "explain[ed]" to defendant why his "separately submitted documents" did not comply with the court's courtroom-specific rule.  Because there is no reporter's transcript contradicting the minute order summarizing the court's courtroom-specific rule, we must presume that the rule, as the minute order suggests, *required* the filing of joint trial documents.  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 ["all intendments and presumptions are indulged in favor of (an order's) correctness"].)  Additionally, plaintiff had ample notice of the sanctions order because the trial court issued it at the November 13 hearing at which he was present, and he had an

9

opportunity to respond in writing and be heard at the January 15, 2020 hearing.

Plaintiff attacks the sanctions order with three further arguments. First, he argues that the trial court was wrong to issue sanctions on its own motion rather than in response to a motion by Tarbell. However, sanctions under Code of Civil Procedure section 575.2 may be made on the court's own motion. (Code Civ. Proc., § 575.2, subd. (a) [so noting].) Second, plaintiff asserts that the sanctions order is invalid because Tarbell was not sanctioned and it *also* did not file joint pretrial documents. Whether the court erred in *not* sanctioning Tarbell does not call into question whether it erred in sanctioning plaintiff. Further, we may presume—and, in the absence of any record to the contrary, *must* presume—that the trial court had a reason for drawing this distinction, which is likely that plaintiff's failure to cooperate prevented *both* parties from filing joint trial documents. Sanctioning the party more responsible for noncompliance with a rule is not an abuse of discretion. Third, plaintiff contends that the trial court's order did not comply with the procedural requirements for issuing sanctions under Code of Civil Procedure section 177.5 (for violation of court orders) or California Rules of Court, rule 2.30 (for violation of the California Rules of Court). Because the court's sanctions order is valid under Code of Civil Procedure section 575.2, whether it is also valid under *other* provisions is irrelevant.

## IV. Remaining Challenges

Plaintiff raises several further challenges to the trial court's rulings, including that (1) the trial court was biased against him (because it signed proposed orders drafted by Tarbell, because its sanctions order was motivated by vengeance,

because it issued rulings against plaintiff, and because its decision on the merits was "full of lies from start to finish"), (2) Tarbell's lawyer engaged in misconduct by re-labeling the names of plaintiff's exhibits on the exhibit list and by committing perjury no fewer than three times, and (3) the trial court erred in excluding witnesses and in not ruling that plaintiff's agreement with Tarbell was invalid.  Plaintiff has waived these challenges by not supporting them with reasoned argument.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)  And from what we can tell from the portions of the trial record included in the record on appeal, plaintiff's challenges also lack merit.

## DISPOSITION

The judgment is affirmed.  Tarbell is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

11